RIVERS et al. v. BAUER et al.

Civ. A. No. 7399.

District Court, E. D. Pennsylvania.

Aug. 12, 1948.

Raymond Pace Alexander, of Philadelphia, Pa., for plaintiffs.

Harry Axelroth, of Philadelphia, Pa., for defendants William C. Bauer and William Wilson.

Leon J. Fox, Asst. U.S. Atty., of Philadelphia, Pa., for defendant United States of America.

BARD, District Judge.

This is an action to recover damages arising out of personal injuries sustained by the wife plaintiff, Minnie Rivers, when she was struck by an automobile which was propelled onto the sidewalk as a result of a collision with a United States Navy truck.

One Harry Jones was also joined as a plaintiff in this action, but the complaint in his behalf has been dismissed by stipulation of Jones' counsel.

On the basis of the pleadings and the testimony, I make the following special

## Findings of Fact.

1. The plaintiffs are Minnie Rivers and her husband, Frederick Nathaniel Rivers.

2. The defendants are Louis C. Bauer and William Wilson, individually and trading as Universal Laundry Company; and The United States of America.

3. At all material times the defendants Bauer and Wilson were the owners of a vehicle hereinafter referred to as the "laundry truck". They were also the employers of Theodore A. LaMonica, the operator of the laundry truck.

4. The defendant, The United States of America, was at all material times the owner of a vehicle hereinafter referred to as the "Navy truck", and employed James H. Smith as the operator of the truck.

5. On March 13, 1947, at approximately 2 P. M., Minnie Rivers and Harry Jones were standing on the east sidewalk of South Sixteenth Street at a point approximately 30 feet north of the north curbline of Fitzwater Street; in the City of Philadelphia.

6. South Sixteenth Street has a cartway 26 feet wide, and is a one way street for northbound traffic.

7. Shortly prior to 2 P. M. on March 13, 1947, the Navy truck entered South Sixteenth Street at a point several city blocks south of Fitzwater Street, and proceeded north on South Sixteenth Street. Up until the time of the collision the Navy truck maintained a course in the center of South Sixteenth Street.

8. As the Navy truck approached the intersection of South Sixteenth Street and Fitzwater Street, the laundry truck was following the Navy truck. Both vehicles were proceeding at a speed of approximately 15 to 20 miles per hour.

9. Immediately after the Navy truck had crossed Fitzwater Street, the laundry truck increased its speed slightly in an attempt to overtake and pass the Navy truck on the left-hand side. The driver of the laundry truck sounded his horn.

10. When the two vehicles, abreast of each other, reached a point approximately 30 feet north of the north curb of Fitzwater Street, the right front wheel of the laundry truck came in contact with the left front wheel of the Navy truck.

11. As a result of this contact, the Navy truck veered sharply to the right and struck a Buick automobile which was parked at the curbline, forcing the latter vehicle to mount the sidewalk and strike Mrs. Rivers.

12. Immediately prior to the time of the collision, the laundry truck was maintaining a course with its left wheels several inches from the west curbline of South Sixteenth Street.

13. Mrs. Rivers was in no way at fault in this collision; she was simply standing on the sidewalk where she had a right to be.

14. At the time of the accident, the weather was clear and the street was dry.

15. As a result of being struck by the Buick automobile, Mrs. Rivers suffered a compound fracture of the left leg, and a soft tissue injury of the lower part of the right leg.

16. The fracture of Mrs. Rivers' left leg has necessitated two operations in the past, and will require a third operation in the future.

17. The husband plaintiff, Frederick Nathaniel Rivers, has proven the following damages which have already been sustained:

(a) Hospital bill for Mrs. Rivers, $455.60

(b) Liniments and other medications, $30.00

(c) Expenses of employing a relative to care for Mrs. Rivers subsequent to the accident $190.00

18. The husband, Frederick Nathaniel Rivers, will in the future be obliged to expend the sum of $100 for expenses incident to a third operation on Mrs. Rivers' left leg.

19. The wife plaintiff, Minnie Rivers, has in the past sustained the following damages as a result of this accident:

(a) Destruction of clothing, fair value, $15.00

(b) Loss of earnings for a period of approximately 35 weeks, $787.50

20. The plaintiff, Minnie Rivers, will in the future sustain a loss of $585.00, representing approximately six months' loss of gainful employment which will result from her undergoing a third operation.

21. A fair sum in compensation for the pain and suffering which the plaintiff Minnie Rivers has endured as a result of this accident is $2500.00.

Conclusions of Law.

1. This Court has jurisdiction of the subject matter and the parties to this action.

2. In reaching a decision in this case, the Court has disregarded the statement obtained from Theodore A. LaMonica by Officer Blake, of the Philadelphia Police Force.

3. Notwithstanding the fact that a contact took place between the Navy truck and the laundry truck immediately prior to the collision between the Navy truck and the Buick automobile, it has not been established that any negligence on the part of the driver of the laundry truck caused or contributed to the contact between the

laundry truck and the Navy truck. Therefore, judgment will be entered in favor of the defendants Louis C. Bauer and William Wilson, individually and trading as Universal Laundry Company.

 4. The fact that a moving vehicle leaves its normal and ordinary course of travel and strikes a parked vehicle with sufficient force to propel the latter onto the sidewalk creates an inference of negligent operation on the part of the driver of the colliding vehicle. In this case the defendant, The United States of America, has failed to produce sufficient evidence to rebut such inference of negligence on the part of its servant, the driver of the Navy truck.

5. Judgment may be entered in favor of the plaintiff, Frederick Nathaniel Rivers, and against the defendant, The United States of America, in the sum of $775.60; and in favor of the plaintiff, Minnie Rivers, and against the defendant, The United States of America, in the amount of $3887.50.